UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3227
_____

IN RE: WILLIAM C. BULLOCK,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 1:09-cv-001902)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 5, 2010

Before:  FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 10, 2010)
_____

OPINION
_____

PER CURIAM

        In September 2009, Petitioner William Bullock filed a pro se civil action in the

Court of Common Pleas of Cumberland County, Pennsylvania.  Defendants removed the

action to the Middle District of Pennsylvania and moved for judgment on the pleadings.

In April 2010, the District Court granted Defendants' motion, entering judgment for

Defendants on all claims.  Bullock moved to clarify the order, and the District Court

denied the motion for clarification. On July 23, 2010, Bullock petitioned this Court for a writ of mandamus to compel the District Judge to answer his motion for clarification.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Bullock does not meet the stringent requirements for relief here. His mandamus petition is a request for the District Judge to answer his motion for clarification. However, on July 1, 2010, the District Judge entered an order, denying Bullock's motion, explaining that the motion was untimely and meritless. A writ of mandamus is not a substitute for an appeal. See In re Ford Motor Co., 110 F.3d 954, 957 (1997); Cheney v. U.S. Dist. Co., 542 U.S. 367, 380-81 (2004). Insofar as Bullock's petition also requests an appeal of the District Court's judgment and the order denying his motion for clarification, we note that the Clerk submitted a copy of Bullock's petition to the District Court for docketing as a notice of appeal. We will adjudicate the appeal in due course.

Accordingly, we determine that Bullock has not met his burden of showing that he has no other means to obtain the relief he seeks and that his right to issuance of the writ is "clear and indisputable." As a result, we will deny his mandamus petition.